# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF DELAWARE

| | |
|---|---|
| VALYANT AI, INC., a Colorado corporation,<br><br>       Plaintiff,<br><br>v.<br><br>HI AUTO, INC., a Delaware corporation,<br><br>       Defendants. | CA No. |

## COMPLAINT

COMES NOW, Plaintiff, Valyant AI, Inc., ("Valyant"), by its attorneys, and for its Complaint against Defendant, Hi Auto, Inc. ("Defendant"), states and alleges as follows:

## Nature of the Action

1. This is an action for patent infringement, direct and indirect.

## The Parties

2. Valyant is a Colorado corporation having its principal place of business in Denver, Colorado.

3. Upon information and belief, Defendant is a for profit corporation organized under the laws of the state of Delaware, and has its principal place of business in Mountain View, California.

## Jurisdiction and Venue

4. This Court has Article III subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331, 1338, and 2201.

5. Further, this Court has exclusive jurisdiction over federal claims that involve patent matters. Jurisdiction extends to those cases under 28 U.S.C. § 1338(a) "in which a well-pleaded complaint establishes that…the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law." *Chrisitanson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809 (1998).

6. This Court has personal jurisdiction over Defendant arising from Defendant's continuous and systematic minimal contacts with this District.

7. Defendant directly solicits electronic commerce transactions within this District by digital distribution, such as via its website https://hi.auto/.

8. Defendant's digital distribution includes website informational content educating prospective customers of its product and service offerings, and website point-of-sale content establishing an interactive sales transaction, such as can begin with an educated prospective customer requesting a sales demonstration.



9. Defendant's systematic and continuous digital distribution electronic commerce via the Internet, communicating informational content and point-of-sale content, including website links and telephone numbers to prospective customers, demonstrates Defendant purposefully intends to electronically transact business for commercial gain with anyone willing to do so in this District, and constitutes Defendant's purposeful availment for itself of the privilege of conducting activities within this District, thus invoking the benefits and protections of its laws.

10. Venue is proper in this District under at least 28 U.S.C. § 1400(b) because Defendant is incorporated in Delaware.

**Allegations of Fact**

11. Valyant is the owner of United States Patent No. 10,592,706 ("the '706 Patent"), attached as Exhibit A, entitled ARTIFICIALLY INTELLIGENT ORDER PROCESSING SYSTEM, which issued on March 17, 2020 and relates to a speech-based/natural language customer order system for any business that interacts with customers through speech and sound.

12. Valyant installs the order system for clients to facilitate an automated operation of an ordering function by replacing an employee or other means of capturing order data with highly accurate speech recognition technology configured to be trained to recognize a wide vocabulary of words.

13. On information and belief, Defendant has been incorporated since April of 2021.

14. Defendant, via its website (https://hi.auto), offers systems and services to "upgrade your drive-thru experience using conversational AI."

15. Furthermore, Defendant's systems and services "greets your guests, takes their orders, and adds it into your POS."

16. Claim 1 of the '706 Patent requires the step of "providing an audio stream of an order of a customer positioned on a site." The Defendant's website includes a video on the homepage. In this video, a customer is shown providing an audio stream of an order and Defendant's systems and services receiving the customer's order via the audio stream. The video can be found at the following: https://hi.auto.

17. Claim 1 of the '706 Patent requires the step of "providing an order processor having a speech recognition module trained using artificial intelligence programs." The Defendant's website, under the "Acts Human … Only Better" button, says their technology "can process mid-sentence changes, handle multiple requests, understand accents, and work with 40 complex menus." The Defendant's video (at 0:0:16) shows customer orders from the drive thru that have been "digitally" created with their technology, which cannot be done without a mechanism that processes the orders and has a speech recognition module.

18. Claim 1 of the '706 Patent requires the step of "converting a word in the audio stream to text using the speech recognition module." The Defendant's video (at 0:0:16) shows an order that includes words used by customers at the drive-thru during the customer's order. The Defendant's website describes their system using "conversational AI." Therefore, HA's systems and services include speech recognition technology

configured to convert words spoken at the drive-thru to text. This is demonstrated, for example, by the text shown in the digital orders listed in the video.

19. Claim 1 of the '706 Patent requires the step of "processing the text communication with the speech recognition module to identify a word or words in the text of the converted audio stream according to a previous spoken word training." The nature of AI is that it is constantly learning. Hi Auto's website, under the "Acts Human … Only Better" button on the homepage, says their technology "can process mid-sentence changes, handle multiple requests, understand accents, and work with 40 complex menus." On information and belief, to "understand accents," Defendant's systems and services necessarily first trains according to accent variation, then uses this accent training to identify words spoken by the customers in the drive thru.

20. Claim 1 of the '706 Patent requires the step of "providing a natural language processor having order assembly capabilities and exception detection capabilities, wherein the natural language processor receives recognized text from the order processor and creates or modifies an order based upon the recognized text." The Defendant's website says their systems and services employ "conversational AI," plausibly to satisfy the order assembly and exception detection claim requirements. For example, Defendant's video shows customer orders that have been "digitally" created with their technology. On information and belief, Defendant's systems and services plausibly employ a natural language processor configured to drive order assembly by creating digital textual orders, seen on the video screens in the video, from the customers' spoken orders. On further information and belief, Defendant's systems and services

plausibly employ a natural language processor also configured to drive exception detection by call center backups. Exhibit ("Ex.") 1 – Declaration of Rob Carpenter, §§ 2, 3.

21. Claim 1 of the '706 Patent requires the step of "generating an order with the natural language processor." The Defendant's website says their technology uses "conversational AI." Defendant's website, under the "Increase Order Value" button on the homepage, says its technology includes a "built-in upsell playbook was designed to increase the value of [a] customers' average order" and, under the "Acts Human … Only Better" button on the homepage, says their technology "can process mid-sentence changes, handle multiple requests, understand accents." On information and belief, Defendant's systems and services plausibly employ a natural language processor configured to generate orders, seen on the video screens in the video, from the customers' spoken orders.

22. Claim 1 of the '706 Patent requires the steps of "alerting an auditor of detected exceptions in the order, the auditor located off-site and connected to the order processor via a data connection." On information and belief, Defendant's system and services employ an Internet data connection, as evidenced by the video on Defendant's website where the on-site employee communicates with Defendant's systems and services regarding availability of menu items. On further information and belief, Defendant's systems and services are configured to alert an offsite call center, a systematic back up, which plausibly manages detected exceptions. *Id.*

23. Claim 1 of the '706 Patent requires the step of "deactivating the order processor with the auditor in response to the detected exceptions in the order." On information and belief, Defendant's systems and services are configured to alert an offsite call center, a systematic back up, which plausibly deactivates the order processor in response to a detected exception. *Id.*

24. Claim 1 of the '706 Patent requires the step of "prompting an on-site employee to engage the customer and complete the order." On information and belief, Defendant's systems and services are configured to alert an offsite call center, a systematic back up, which plausibly prompts an on-site employee to act. *Id.* Further, the Defendant's website, under the "Seamless POS Integration" button, says their technology offers "two-way communication with POS, to transfer orders … ". On information and belief, Defendant's systems and services receive verbal orders and create digital orders and provides the digital orders to screens/monitors, which prompts the on-site employees to fulfill the order, take payment from the customer and provide the order to the customer to complete the order.

25. Valyant attached a letter addressed to Roy Baharay to an email dated June 15, 2021 to Defendant informing it of the '706 Patent, Valyant's belief that Defendant's systems and services infringes the '706 Patent, and offering Defendant an opportunity to license the '706 Patent.

26. Valyant never received a response from Defendant to the letter or email dated June 15, 2021.

27. Valyant attached a second letter addressed to Roy Baharay in an email dated July 21, 2021 to Defendant confirming Defendant's lack of response to the letter and email dated and June 15, 2021 and requesting Defendant cease and desist any activity relating to its artificial intelligence drive-thru technology.

28. Valyant received a response from counsel for Defendant to the letter and/or email dated July 21, 2021. The response from Defendant's counsel denied any potential infringement of the '706 Patent by Defendant and invited Valyant to provide a claim chart showing why Valyant believes Defendant has infringed the '706 Patent.

29. Valyant sent a letter to Defendant's counsel on October 15, 2021 with a claim chart and an offer for the Defendant to provide evidence they do not infringe the '706 Patent.

30. Defendant responded in a letter dated October 28, 2021 and still failed to provide evidence that it does not infringe the '706 Patent.

31. Valyant sent another letter to the Defendant November 8, 2021 with the offer that the Valyant, or third party, under a nondisclosure agreement have access to Defendant's systems and services to inspect for the alleged infringement.

**COUNT I – DIRECT PATENT INFRINGEMENT**

32. Paragraphs 1-31 above are incorporated herein by reference.

33. Defendant has directly infringed the '706 Patent by having sold, and continuing to sell, systems and services that include all the requirements of at least one claim of the '706 Patent.

34. Since its inception, Defendant has directly infringed and continues to directly infringe the '706 Patent by selling systems and services that perform Valyant's patented process.

35. On information and belief, Defendant will continue to infringe the '706 Patent, unless enjoined by this Court.

36. On information and belief, Defendant has known about the '706 Patent since at least on or around June 15, 2021, when Valyant provided actual written notice of the existence of the '706 Patent and provided a copy of the '706 Patent.

37. Defendant has intentionally pursued its infringement, indicating its knowing and willful infringement in flagrant disregard of Valyant's patent rights.

38. Defendant's direct infringement of the '706 Patent has caused Valyant to suffer damages that include lost profits.

## COUNT II – INDUCED PATENT INFRINGEMENT

39. Paragraphs 1-38 above are incorporated herein by reference.

40. On information and belief, Defendant has actively induced infringement of the '706 Patent by selling, leasing, or otherwise providing infringing systems and services, and by providing training and/or instruction concerning its systems and services, with knowledge of directly infringing the '706 Patent, and with the specific intent of encouraging, aiding, or causing others to directly infringe the '706 patent, and/or willful blindness to the same.

41. On information and belief, Defendant has known of the '706 Patent since at least on or around June 15, 2021, when Valyant provided actual written notice of infringement to Defendant, along with a copy of the '706 Patent. Since that time, Defendant has knowingly continued to actively induce infringement of the '706 Patent by selling, leasing, or otherwise providing the artificial intelligence drive-thru technology to customers, and by providing training and/or instruction concerning its use. Defendant's direct infringement is intentional, and therefore willful.

42. On information and belief, Defendant will continue to induce infringement of the '706 Patent unless and until it is enjoined by the Court.

43. Defendant's induced infringement of the '706 Patent has caused Valyant to suffer damages that include lost profits.

**COUNT III – CONTRIBUTORY PATENT INFRINGEMENT**

44. Paragraphs 1-43 above are incorporated herein by reference.

45. On information and belief, Defendant has contributed to the infringement of others by selling, leasing, or otherwise providing to others the artificial intelligence drive-thru technology, which is a system especially made for or adapted for use in performing the methods of the '706 Patent, the use of which is a material part of the claimed invention, and which is not a system suitable for substantial non-infringing use. Defendant's customers then use the artificial intelligence drive-thru technology in a manner that infringes at least one claim of the '706 Patent.

46. On information and belief, Defendant has known of the '706 Patent since at least on or around June 15, 2021, when Valyant provided actual written notice

of potential infringement to Defendant. Since that time, Defendant has knowingly continued to actively contribute to the infringement of the '706 patent by others, by selling, leasing, or otherwise providing the artificial intelligence drive-thru technology to customers, and by providing training and/or instruction concerning its use.

47. On information and belief, Defendant will continue to contribute to the infringement of the '706 Patent unless and until it is enjoined by the Court.

48. Defendant's contributory infringement of the '706 patent has caused Valyant to suffer damages that include lost profits.

WHEREFORE, Plaintiff, Valyant AI, Inc., prays for the following relief:

(a) an injunction against Defendant's continued infringement of the '706 Patent;

(b) an accounting for damages resulting from Defendant's infringement and the trebling of such damages because of the intention, willful nature of Defendant's conduct;

(c) an assessment of interest on the damages so computed;

(d) an award of Valyant's attorneys' fees and costs in this action; and

(e) such other and further relief as this Court may deem just and proper.

## JURY DEMAND

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully demands a trial by jury.

Dated:  December 1, 2021

Respectfully submitted,

*/s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
Buchanan Ingersoll & Rooney PC
500 Delaware Avenue, Ste. 720
Wilmington, DE 19801
Telephone:  (302) 552-4200
Facsimile:   (302) 552-4295
Email:  geoffrey.grivner@bipc.com
            kody.sparks@bipc.com

OF COUNSEL:

Brian Fuller
T.J. Mantooth
Mitchell K. McCarthy
HALL, ESTILL, HARDWICK, GABLE,
   GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone:  (405) 553-2828
Facsimile:  (405) 553-2855

**ATTORNEYS FOR PLAINTIFF,
VALYANT AI, INC.**