IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALYANT AI, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-1700-MN ) |
| HI AUTO, INC., and E LA CARTE, INC. d/b/a PRESTO, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) ) ) |

## **FIRST AMENDED COMPLAINT**

Plaintiff Valyant AI, Inc. ("Valyant") for its Complaint and demand for a jury trial seeking relief for patent infringement against Hi Auto, Inc. ("Hi Auto"), and E La Carte, Inc. d/b/a Presto ("Presto") (collectively "Defendants"), states and alleges as follows:

## **PARTIES**

1. Valyant is a Colorado corporation having its principal place of business at 3000 Lawrence Street, #203, Denver, Colorado, 80205.

2. On information and belief, Hi Auto is a Delaware corporation with its principal place of business located in Silicon Valley, California.

3. On information and belief, E La Carte, Inc. d/b/a Presto is a Delaware corporation with its principal place of business at 810 Hamilton St., Redwood City, California, 94063.

4. On information and belief, each of the Defendants partner to provide automated drive through ordering systems to the quick serve restaurant industry.

{01770073;v1 }

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 171 and 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendants are subject to this Court's general and specific personal jurisdiction at least because: (1) Defendants are at home in the State of Delaware where they are incorporated; (2) Defendants have registered agents for service of process in Delaware, regularly conduct business in the State of Delaware and within this judicial district, and have substantial and continuous contacts within this judicial district; (3) Defendants have purposefully availed themselves of the privileges of conducting business in this judicial district and have a regular and established place of business in this judicial district; and (4) Defendants have committed acts of patent infringement in this judicial district by selling and offering to sell products and services throughout the United States, including in this judicial district, and introducing infringing products into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States

7. Venue is proper in this district under 28 U.S.C. §§1391(b)(2) and (c)(2), and 1400(b).

## VALYANT'S INTELLECTUAL PROPERTY

8. Valyant is a startup company based in Colorado with award-winning, cutting-edge artificial intelligence speech recognition technology providing technical solutions for the quick service restaurant ("QSR") industry.

9. Valyant provides solutions to clients in the QSR industry to automate operation of customer ordering by capturing order data with highly accurate speech recognition technology which learns via artificial intelligence to recognize a wide vocabulary of words spoken by a customer when placing an order.

10. Valyant's conversational artificial intelligence ("AI") order processing system is used in a variety of contexts in the QSR industry, including at drive thru's, processing mobile or call-ahead ordering, at ordering kiosks, or within restaurants themselves.

11. Valyant was the first company to use a conversational AI ordering system in the QSR industry. Since at least as early as 2019 its technology has been used at QSR restaurants in the United States to increase speed and accuracy of order taking while allowing employees to focus on other critical tasks.

12. As part of its innovative intellectual property portfolio, Valyant is the sole and exclusive owner of all rights, title, and interest in United States Patent No. 10,592,706 ("the '706 Patent") which relates to a speech-based/natural language customer order process system.

13. The '706 Patent was duly and legally issued on March 17, 2020 and is entitled Artificially Intelligent Order Processing System. A true and correct copy of the '706 Patent is attached as **Exhibit A**.

14. As described further herein, Claim 1 of the '706 Patent is a method comprising the steps of:

> providing an audio stream of an order of a customer positioned on a site;

> providing an order processor having a speech recognition module trained using artificial intelligence programs;
>
> converting a word or words in the audio stream to text using the speech recognition module;
>
> processing the text communication with the speech recognition module to identify a word or words in the text of the converted audio stream according to a previous spoken word training;
>
> providing a natural language processor having order assembly capabilities and exception detection capabilities, wherein the natural language processor receives recognized text from the order processor and creates or modifies an order based upon the recognized text;
>
> generating an order with the natural language processor;
>
> alerting an auditor of detected exceptions in the order, the auditor located off-site and connected to the order processor via a data connection;
>
> deactivating the order processor with the auditor in response to the detected exceptions in the order; and
>
> prompting an on-site employee to engage the customer and complete the order.

## **DEFENDANT HI AUTO AND ITS INFRINGING ACTS**

15. Hi Auto was incorporated in Delaware in April 2021.

16. Hi Auto advertises itself as a software development company with a focus on developing conversational artificial intelligence that automates order taking within the QSR industry.

17. Hi Auto's marketing content includes a website that educates prospective customers of its product and service offerings, including a conversational AI system with point of-sale content to establish an interactive sales transaction for customers of a QSR.

18. Hi Auto's website includes a demonstration video that purports to show the function and features of its conversational AI that may be used by QSR's to "upgrade your drive-thru experience using conversational AI."



*See* https://hi.auto/#

19. Hi Auto's demonstration video posted to its website at 0:00:34 shows a customer at a QSR providing an audio stream of an order and Hi Auto's software receiving the customer's order via the audio stream.

20. Hi Auto's demonstration video at 0:00:16 shows a customer order from a drive thru that has been "digitally" converted from audio spoken by the customer to a text order with their conversational AI software, which on information and belief is because Hi Auto's software processes the orders and has a speech recognition module.



21. Hi Auto also publicly advertises on its website that its software uses "AI" or artificial intelligence. It provides the testimonial of a client, a Mr. Chuck Doran, a co-owner of a QSR restaurant known as Lee's Famous Recipe Chicken who asserts that, following implementation of Hi Auto's conversational AI software, "We started at a 2% error and we've seen it go down so that we're 99% accurate." On information and belief, Hi Auto's conversational AI software is thus able learn to improve its order accuracy.

22. Hi Auto's website, under the "Acts Human … Only Better" button on the homepage, says their software "can process midsentence changes, handle multiple requests, understand accents, and work with 40 complex menus." On information and belief, to "understand accents," Hi Auto's software necessarily first trains according to accent variation, then uses this accent training to identify words spoken by the customers in the drive thru.

23. Hi Auto's website also states their software employs "conversational AI". For example, Hi Auto's website demonstration video shows customer orders that have been "digitally" created with their technology. On information and belief,

{01770073;v1 }   6

Hi Auto's software uses a natural language processor configured to drive order assembly by creating digital textual orders, seen on the video screens in the video, from the customers' spoken orders. On further information and belief, Hi Auto's software uses a natural language processor also configured to drive exception detection by call center backups.

24.  Hi Auto's website, under the "Increase Order Value" button on the homepage, says its software includes a "built-in upsell playbook [] designed to increase the value of [a] customers' average order" and, under the "Acts Human … Only Better" button on the homepage, says their software "can process mid-sentence changes, handle multiple requests, understand accents." On information and belief, Hi Auto's software uses a natural language processor configured to generate orders, seen on the video screens in the video, from the customers' spoken orders.

25.  Hi Auto's demonstration video at 0:01:07 shows a data connection box installed in a QSR. On information and belief, the data connection box passes data between a customer, an on-site employee of a QSR, and an off-site support center for Hi Auto's software. Based on Valyant's investigation, Hi Auto's software is configured to alert an offsite call center or a systematic back up, which manages detected exceptions or errors in order accuracy and permits human intervention if such an exception or error is detected.



26. Hi Auto's demonstration video at 0:01:16 shows an individual who is an on-site employee verbally communicating with either the Hi Auto software or with an off-site individual employed by Hi Auto to monitor the function of the Hi Auto software. Based on Valyant's investigation, Hi Auto's software is configured to alert an offsite call center or a systematic back up, which on information and belief deactivates the order processor in response to a detected exception.

27. Further, at Hi Auto's website, under the "Seamless POS Integration" button, Hi Auto says their technology offers "two-way communication with POS, to transfer orders … ". On information and belief, Hi Auto's software receives verbal orders and creates digital orders and provides the digital orders to screens/monitors, which prompts the on-site employees to fulfill the order, take payment from the customer and provide the order to the customer to complete the order.

28. As shown on Hi Auto's website, on information and belief Hi Auto has been making, using, or offering for sale its conversational AI software directly to at least one QSR establishment in the United States, known as Lee's Famous Recipe Chicken.

**DEFENDANT PRESTO AND ITS INFRINGING ACTS**

29. As with Hi Auto, Presto advertises itself as a technology solutions provider in the QSR industry.

30. Presto markets a "Human-like A.I. Voice Assistant to help manage your labor shortage" which it calls "Presto Voice" on its website, shown at https://presto.com/voice/.

31. As advertised by Presto on its website, Presto Voice's "Key Features" include "voice-based ordering for the drive-thru, dine-in, or via phone," a "Conversational AI" that takes "automated orders using AI that provides a human-like guest experience," "cross-selling powered by artificial intelligence (AI)," and "POS Integration" that automatically transmits "orders to your POS system."

32. Presto has publicized its Presto Voice software to members of the consuming public, the QSR industry, and its own shareholders/investors.

33. As with Hi Auto, Presto has a demonstration video hosted on its website at https://presto.com/voice/ that demonstrates the software's functionality.

34. Presto's demonstration video posted on its website shows the software functioning at a QSR chain known as Checkers. As with the Hi Auto demonstration video, the Presto Voice demo shows a customer placing order and the Presto Voice software receiving the customer's order via an audio stream. The video shows a customer making changes and interacting with the Presto Voice software to place their order.

35. In January 2022, Presto issued several press releases that included statements made by the Chief Executive Officer of Presto, a Mr. Rajat Suri. The January 2022 announcements detailed a rollout of its Presto Voice software at up to 267 QSR's owned by restaurant chain Checkers Drive-In Restaurants, Inc. nationwide by the end of 2022.

36. Within these press releases, Presto asserted that "In 2021, Checkers & Rally's conducted a detailed pilot program of Presto's automated voice ordering technology [Presto Voice] at multiple locations over a four-month period."

37. The CEO of Presto is further quoted within these press releases as asserting that Presto "tested a lot of different voice AI options out there, but this push is in partnership with Israel-based **Hi Auto**, a conversational AI technology company." *See, e.g.*, https://foodondemandnews.com/01132022/checkers-presto-embark-on-major-ai-voice-rollout/ (emphasis added).

38. Presto also claims that its Presto Voice software "has been developed in partnership with **Hi Auto**, a conversational A.I. technology company focused on creating a human-like solution for automating and optimizing the sales experience at drive-thru restaurants." *See* https://presto.com/checkers/ (emphasis added).

39. In at least one publicly available investor presentation from November 2021, Presto asserts that its "Conversational AI-powered voice box" aka Presto Voice, has a "94% Order Completion" rate and cites "Hi Auto deployment data" as the source of this information.

40. Hi Auto's website states that its software has a "94% Accuracy Rate" and it lists Presto as one of "Our Partners."

41. On information and belief, the elements, features, or functionality of the Presto Voice software offered by Presto are the same as that of Hi Auto's conversational AI software.

42. On information and belief, Presto has licensed conversational AI technology from Hi Auto.

43. On information and belief, Presto's Voice software, or its conversational AI software is the same as Hi Auto's conversational AI software.

**DEFENDANTS' ACTUAL KNOWLEDGE OF THE '706 PATENT**

44. Valyant sent correspondence addressed to the Chief Executive Officer of Hi Auto, a Mr. Roy Baharav, on June 15, 2021, alerting Hi Auto of the existence of the '706 Patent, asserting Hi Auto's conversational AI drive-thru technology infringed claims of the '706 Patent, and requesting Hi Auto cease-and-desist its infringement. Hi Auto never responded.

45. Valyant sent further correspondence to Hi Auto on July 21, 2021 again asserting Hi Auto's conversational AI drive-thru technology infringed claims of the '706 Patent. Counsel for Hi Auto responded denying infringement and requesting a claim chart be provided by Valyant showing the infringement of the '706 Patent.

46. Valyant sent the requested claim chart to Hi Auto on October 13, 2021 showing how Hi Auto's conversational AI software infringes the claims of the '706 Patent. Hi Auto has ignored the information provided in the claim chart. As of this

filing, Hi Auto continues to offer its conversational AI software within the United States.

47. On information and belief, as of June 15, 2021, Hi Auto had actual knowledge of the '706 Patent.

48. On information and belief, based on Presto's relationship with Hi Auto, Presto had actual knowledge of the '706 Patent prior to the filing of this Complaint.

## FIRST CLAIM FOR RELIEF

### (Direct Infringement of the '706 Patent)

49. Valyant realleges paragraphs 1-48 above as if fully set forth herein.

50. The '706 Patent is a valid, enforceable patent that was duly issued by the USPTO on March 17, 2020. **Exhibit A**.

51. Valyant is the assignee of the '706 Patent, with ownership of all substantial rights in the '706 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. Defendants have directly infringed, and continue to directly infringe, at least Claim 1 of the '706 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice.

52. Claim 1 of the '706 Patent is a method comprising the steps of:

> providing an audio stream of an order of a customer positioned on a site;
>
> providing an order processor having a speech recognition module trained using artificial intelligence programs;

> converting a word or words in the audio stream to text using the speech recognition module;
>
> processing the text communication with the speech recognition module to identify a word or words in the text of the converted audio stream according to a previous spoken word training;
>
> providing a natural language processor having order assembly capabilities and exception detection capabilities, wherein the natural language processor receives recognized text from the order processor and creates or modifies an order based upon the recognized text;
>
> generating an order with the natural language processor;
>
> alerting an auditor of detected exceptions in the order, the auditor located off-site and connected to the order processor via a data connection;
>
> deactivating the order processor with the auditor in response to the detected exceptions in the order; and
>
> prompting an on-site employee to engage the customer and complete the order.

53. The Hi Auto conversational AI drive-thru technology and Presto's conversational AI technology, including what Presto calls Presto Voice, meets each of the above limitations.

54. A more detailed analysis of Defendants' infringement of the '706 Patent can be found in **Exhibit B**, which is incorporated in its entirety as if set forth herein.

55. Defendants' infringement of the '706 Patent has been, and continues to be, willful, knowing, and intentional.

56. Valyant has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

57. Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Valyant for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '706 Patent.

## SECOND CLAIM FOR RELIEF

### (Induced Infringement of the '706 Patent)

58. Valyant realleges paragraphs 1-57 above as if fully set forth herein.

59. Defendants also knowingly and intentionally induce others to infringe at least Claim 1 of the '706 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and/or import into the United States the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice.

60. As described above, Defendants have been aware of the '706 Patent since at least June 15, 2021 and have been aware of the infringing nature of the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice.

61. Despite knowledge of the '706 Patent, Defendants continue to actively encourage and instruct their customers (for example, through product information and instruction materials) to implement and use the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice, in ways that directly infringe the '706 Patent. As described above, the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice are software

suites that use AI to automate the customer ordering process in QSR's. Defendants instruct their customers regarding when and how to implement the steps needed to implement their conversational AI software in their businesses. Thus, Defendants provide instructions to customers for using their conversational AI technology, including Presto Voice, in this infringing manner. Defendants do so knowing and intending that their customers will commit these infringing acts.

62. Defendants also continue to make, use, sell, offer for sale, and/or import into the United States the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice, despite their knowledge of the '706 Patent, thereby specifically intending for and inducing their customers to infringe the '706 Patent through their customers' normal and customary use of the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice.

63. Valyant has suffered economic harm because of Defendants' induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

64. Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Valyant for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '706 Patent.

### THIRD CLAIM FOR RELIEF

### (Contributory Infringement of the '706 Patent)

65. Valyant realleges paragraphs 1-64 above as if fully set forth herein

66. Defendants have also knowingly and willfully contributed, and continue to contribute, to their customers' direct infringement of the '706 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice, to customers.

67. As described above, Defendants have been aware of the '706 Patent since at least June 15, 2021 and have been aware of the infringing nature of the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice.

68. As described above, the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology, including what Presto calls Presto Voice are software suites that use AI to automate the customer ordering process in QSR's. The components of the Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology are not staple articles of commerce and are not suitable for any substantially non-infringing use. Use and implementation of Hi Auto conversational AI drive-thru technology or Presto's conversational AI technology by Defendants and their customers infringes at least Claim 1 of the '706 Patent.

69. Valyant has suffered economic harm because of Defendants' induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

70. Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Valyant for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '706 Patent.

## JURY DEMAND

71. Valyant demands a jury trial as to all issues that are triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Valyant requests entry of judgment in its favor and against Defendants as follows:

a) Entry of judgment holding Defendants liable for infringement of the '706 Patent;

b) An order permanently enjoining Defendants, their officers, agents, servants, employees, attorneys and affiliated companies, their assigns and successors in interest, and those persons in active concert or participation with them, from continued acts of infringement of the '706 Patent;

c) An order awarding Valyant statutory damages and damages according to proof resulting from Defendants' past, current, and future infringement of the '706 Patent, together with prejudgment and post-judgment interest;

d) A declaration that Defendants' infringement of the Asserted Patents is willful;

e) A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Valyant's reasonable attorneys' fees; and

      f)   Any and all other legal or equitable relief as may be available under law and which the Court may deem proper.

|  | ASHBY & GEDDES |
|---|---|
| | */s/ Andrew C. Mayo* |
| *Of Counsel:* | Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150 |
| Richard D. Rochford<br>Haynes and Boone, LLP<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>(212) 659-7300 | Wilmington, DE 19899<br>(302) 654-1888<br>amayo@ashbygeddes.com<br><br>*Attorney for Plaintiff* |

Stephanie N. Sivinski
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
(214) 651-5000

Alexander B. Lutzky
Haynes and Boone, LLP
112 E. Pecan St., Suite 1200
San Antonio, TX 78205
(210) 978-7000

Dated: February 9, 2022